HENRY M. HAGAN, for appellant.

BLUM, WOLFSOHN & BLUM, for appellees.

MR. PRESIDING JUSTICE BARNES delivered the opinion of the court.

### Abstract of the Decision.

DISSMISSAL. NONSUIT AND DISCONTINUANCE, § 39*—*when suit may be dismissed on failure of plaintiff to comply with order to produce books.* In an action of replevin, where plaintiff failed to comply with an order of the court to produce certain books and documents pertinent to the issue and made no showing of a reasonable effort or want of opportunity to do so, *held* that the court was justified in dismissing the suit and ordering a writ of *retorno habendo* to issue.

---

### Kenfield Publishing Company, Appellee, v. Edward H. Baumgartner, Appellant.

#### Gen. No. 19,898.   (Not to be reported in full.)

Appeal from the Superior Court of Cook county; the Hon. CHARLES A. McDONALD, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1913. Affirmed. Opinion filed November 10, 1914.

### Statement of the Case.

Plaintiff, Kenfield Publishing Company, a corporation, declared on the common counts against Edward H. Baumgartner, defendant.

The primary question involved was whether defendant was liable to plaintiff for the expenses incident to the printing and publishing of certain numbers of a monthly journal, called "The Motor Way," for the months of April to October, 1907, inclusive. The report of the referee was adopted by the court so far

as it found defendant liable for the expenses incurred up to and including September 6, 1907, when defendant ceased to do anything further in the way of publishing said journal. The cross-errors relate to the failure of the court to find defendant liable for expenses of printing, etc., incurred after said date.

"The Motor Way" was owned by the Technical Press of America, a corporation, of which one Albert T. Leach was a stockholder. By written agreement made March 27, 1907, between said corporation and Leach of one part, and Baumgartner of the other, the latter agreed, among other things, to continue the publication and distribution of "The Motor Way" for five years at his own expense. Prior to that time said journal was printed by plaintiff for said Technical Press. Plaintiff continued to print the subsequent issues here involved, and this suit was brought to recover the charges and expenses incident thereto.

Leach was the secretary and treasurer of the plaintiff and testified that defendant requested plaintiff to print the April issue and said he would assume payment of the bills and responsibility for the publication, and that thereupon plaintiff agreed to do the printing for him; that he subsequently promised payment on account and transferred to plaintiff certain notes to be applied thereon. In a letter dated July 11, 1907, replying to a letter from plaintiff saying it had ceased work on the publication of the July number, defendant, claiming its action was unwarranted, said: "You (plaintiff) were directed by me to issue the number." In another letter written in September, after abandonment of his contract, he recognized his liability for the account with plaintiff "for printing, paper, etc., incurred within the last four or five months."

Plaintiff recovered judgment from which defendant appeals.

EDWIN A. MUNGER, for appellant.

JONES, ADDINGTON, AMES & SEIBOLD, for appellee; WALTER HAMILTON, of counsel.

MR. PRESIDING JUSTICE BARNES delivered the opinion of the court.

## Abstract of the Decision.

1. CONTRACTS, § 97*—*when evidence of fraud in execution of sealed instrument inadmissible.* Proof under a special plea of fraudulent representations, as an inducement to enter into a contract, is properly excluded as inadmissible in a suit on an instrument under seal.

2. ASSUMPSIT, ACTION OF, § 70*—*when recovery may be had on quantum meruit.* Evidence *held* sufficient to warrant recovery under a *quantum meruit* count for printing, paper and other expenses up to the time when defendant gave notice of the abandonment of his contract.

3. EVIDENCE, § 255*—*when entries in book account do not impeach promise to pay.* Where entries are made in book accounts charging both a defendant and another, they do not necessarily impeach the independent evidence that defendant promised plaintiff to pay the account and recognized his liability therefor, since there is an implied consent to the charges made against him.

4. CONTRACTS, § 349*—*when made for benefit of third party.* The doctrine that a third party may maintain an action on a promise made by one person to another for his benefit is limited to contracts which have for their primary object and purpose the benefit of a third person and which are made for his direct benefit.

5. CONTRACTS, § 349*—*when one is not a third party beneficiary.* Where plaintiff corporation was not a party to a contract and had no interest in its performance except possible employment to do printing, its interest was so indirect that it could not invoke the doctrine of third party beneficiary under a contract, so that the court properly limited defendant's liability to the obligation arising under the agreement which the evidence tended to show he made directly with the plaintiff.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.